23-6930
*Carbajal-Carbajal v. Blanche*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-six.

PRESENT:
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

FRANCISCA SANDRA CARBAJAL-CARBAJAL,

> *Petitioner*,

> v.                                                                          No. 23-6930

TODD BLANCHE, UNITED STATES
ACTING ATTORNEY GENERAL,

*Respondent.*[*]

_____

FOR PETITIONER:                     Nicholas J. Mundy, Nicholas J.
                                    Mundy, Esq., Brooklyn, NY.

FOR RESPONDENT:                     Shelley K.G. Clemens, Trial
                                    Attorney, Keith I. McManus,
                                    Assistant Director, Office of
                                    Immigration Litigation, Civil
                                    Division, Brian Boynton, Principal
                                    Deputy Assistant Attorney General,
                                    Civil Division, United States
                                    Department of Justice, Washington,
                                    D.C. *for* Merrick B. Garland, United
                                    States Attorney General,
                                    Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") decision is **DENIED**.

Petitioner Francisca Sandra Carbajal-Carbajal, a native and citizen of El Salvador, seeks review of a decision of the BIA affirming the immigration judge's denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carbajal-Carbajal*, No. A 209 885 073

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi. The Clerk's office is respectfully directed to amend the caption as reflected above.

(B.I.A. Aug. 10, 2023), *aff'g* No. A 209 885 073 (Immig. Ct. N.Y.C. Sept. 30, 2019). We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

We review the decision of the immigration judge (IJ) as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review findings of fact for substantial evidence and questions of law and application of law to fact *de novo*. *Castellanos-Ventura v. Garland*, 118 F.4th 250, 253 (2d Cir. 2024). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). But "we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed." *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).[1]

### I. Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, Carbajal-Carbajal had to show that she suffered past persecution or had a fear of future

---

[1] In quotations from caselaw, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [her]." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) ("one central reason" standard applies to both asylum and withholding of removal).

Carbajal-Carbajal claimed that she suffered past persecution and feared future persecution based on physical abuse and sexual violence by the father of her two older children, Gerber Luis Santamaria ("Gerber"). She asserted that one central reason for this abuse was her membership in three particular social groups: Salvadoran female intimate partners or former intimate partners of her abuser, Salvadoran females, and post-pubescent Salvadoran females.

Substantial evidence supports the agency's conclusion that the first of these asserted groups isn't cognizable because the record doesn't establish that Salvadoran society views such a group as socially distinct. *See Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (a particular social group must be "socially distinct").

The IJ assumed without deciding that the latter two social groups were cognizable but concluded that Carbajal-Carbajal failed to establish a sufficient

4

nexus between her group membership and Gerber's abuse.[2]  After noting that there was "little information" about Gerber's motivation, the IJ concluded that while Carbajal-Carbajal's "status as a Salvadoran female or post-pubescent Salvadoran female may have played some role in his abuse, the record does not show" that her group membership was "one central reason" for it.  Certified Admin. Record (CAR) at 77.  The IJ pointed to Carbajal-Carbajal's testimony about the immediate precipitants to various instances of abuse by Gerber—for example, he thought she was drinking alcohol or having an affair, they argued about money for the children, and he objected to her wearing makeup.  The IJ suggested that these examples implied that Gerber was motivated by factors other than Carbajal-Carbajal's gender.

But the IJ's decision failed to address the strongest evidence in the record that Carbajal-Carbajal's status as a Salvadoran woman or post-pubescent Salvadoran woman was at least one central reason for Gerber's abuse.  Carbajal-Carbajal testified that when she resisted Gerber's abuse, "He told me that I was his woman, that I lived under his roof, and that I had to do as he said."  CAR at 887.

---

[2] Contrary to the government's argument that Carbajal-Carbajal waived any challenge to the agency's nexus finding, she argues on appeal that the IJ erred in finding insufficient evidence of her abuser's motivations.

She testified that Gerber "didn't allow [Carbajal-Carbajal] to wear pants, only knee-length skirts or lower." *Id.* at 887. And she explained that on many occasions, Gerber raped her when she refused to have sex with him. Even her testimony that Gerber derided her when she wore makeup suggests a gender-based motivation the IJ did not consider.

That this individualized evidence suggests a potentially strong nexus to gender-based motivation was bolstered by substantial country conditions evidence. Carbajal-Carbajal described Gerber as "very machista," and recalled that "he became especially enraged" when she "talked back to him." *Id.* A declaration in the record from a legal expert explains that Salvadoran society "accepts and tolerates" men's violent punishment of women for "violating . . . gender roles or disobeying male relatives." *Id.* at 536. It further explains that "[a]mong the most entrenched characteristics of Salvadoran society is *machismo*, a system of patriarchal gender biases which subject women to the will of men." *Id.* A human rights report in the record explained that "[s]exual violence is a form of gender-based violence." *Id.* at 468.

We don't require the agency "to expressly parse or refute on the record each individual argument or piece of evidence." *Ojo v. Garland*, 25 F.4th 152, 171 (2d

Cir. 2022). But we do "require some indication that the [agency] considered material evidence supporting a petitioner's claim," *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005), "particularly when that evidence is credible and points toward a conclusion contrary to that reached by the [agency]," *Tanusantoso v. Barr*, 962 F.3d 694, 699 (2d Cir. 2020). When a petitioner submits expert declarations or reports, as Carbajal-Carbajal did, "the agency is required to acknowledge the evidence and describe why its view departed from that of the expert." *Ojo*, 25 F.4th at 172; *see also Tanusantoso*, 962 F.3d at 699 ("[I]t was incumbent on the BIA to acknowledge Petitioners' material evidence and to explain why its view of the facts departed from that of the experts who produced the . . . Report. In the absence of such acknowledgement and explanation, the BIA's decision can only be characterized as predicated on summary or conclusory statements.").

Thus, the agency's failure to address the strongest evidence supporting a nexus between Carbajal-Carbajal's identified social groups and her past persecution or to explain its reasoning for rejecting the expert evidence she submitted was error. *See Hernandez-Chacon v. Barr*, 948 F.3d 94, 102–05 (2d Cir. 2020) (agency erred in failing to "adequately consider" evidence supporting petitioner's claim that she would be persecuted by gang members because of "her

7

opposition to the male-dominated social norms in El Salvador and her taking a stance against a culture that perpetuates female subordination and the brutal treatment of women").

This kind of error generally requires remand to the agency to address the material evidence supporting the petitioner's claim. *See id.*; *Ojo*, 25 F.4th at 163. But in rare circumstances, "remand is not required if it would be futile[,] such as where the agency provided alternative grounds for denying relief uninfected by the error, the error is tangential to the ultimate ruling, or overwhelming untainted evidence supported the finding." *Ojo*, 25 F.4th at 163. The "overarching test" is whether we "can confidently predict that the IJ would reach the same decision" absent the error. *Xiao Ji Chen v. U.S. Department of Justice*, 434 F.3d 144, 162 (2d Cir. 2006).

We conclude that Carbajal-Carbajal's inability to show a well-founded fear of future persecution stands as an independent barrier to her asylum and statutory withholding claims such that remand would be futile. The IJ found that Carbajal-Carbajal hadn't "seen Gerber in more than a decade," and "recent communications" were limited to Gerber calling her several years before the hearing and sending her a Facebook friend request while she was living in the

United States.  CAR at 77–78.  As the IJ noted, Carbajal-Carbajal testified that she believed, based on a conversation with one of her children, that Gerber was living in the United States.  And record evidence showed that after Carbajal-Carbajal left Gerber, she lived in a different state in El Salvador for years without seeing him again.  Based on this "overwhelming untainted evidence" in the record, *Ojo*, 25 F.4th at 163, we can "confidently predict" that the agency would reach the same conclusion absent the error in the nexus determination, *Xiao Ji Chen*, 434 F.3d at 162.

True, if Carbajal-Carbajal had successfully shown past persecution, she would have been entitled to a rebuttable presumption of "a well-founded fear of persecution on the basis of the original claim."  8 C.F.R. § 1208.13(b)(1) (asylum); *id.* § 1208.16(b)(1) (withholding of removal).  The burden would have fallen to the government to rebut this presumption by showing "a fundamental change in circumstances such that [Carbajal-Carbajal] no longer has a well-founded fear of future persecution" or that she "could avoid future persecution by relocating to another part of [her] country of nationality . . . and under all of the circumstances, it would be reasonable to expect [her] to do so."  8 C.F.R. § 1208.13(b)(1)(i) (asylum); *id.* § 1208.16(b)(1)(i) (withholding of removal).

But the agency's analysis didn't depend on the allocation of the burden of proof, and its implicit finding of changed circumstances undermining Carbajal-Carbajal's fear of future persecution is supported by substantial evidence.

Finally, we reject Carbajal-Carbajal's contention that the BIA should have remanded to the IJ for reconsideration based on the intervening decision in *Matter of A-B-*, 28 I. & N. Dec. 307 (A.G. 2021) ("*Matter of A-B- III*"), *vacating* 27 I. & N. Dec. 316 (A.G. 2018) ("*Matter of A-B- I*") *and* 28 I. & N. Dec. 199 (A.G. 2021) ("*Matter of A-B- II*"). *Matter of A-B- II* postdated the IJ's decision, and the IJ did not cite or discuss *Matter of A-B- I*. We note also that *Matter of A-B- III* has since been vacated, restoring *A-B- I* and *A-B- II*. *Matter of S-S-F-M-*, 29 I. & N. Dec. 207 (A.G. 2025).

## II. Convention Against Torture

The error in the nexus analysis identified above is not relevant to the CAT claim, for which there is no nexus requirement. *See Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010). Regardless of past harm, an applicant for CAT relief "bears the burden of proving" that she "more likely than not would be tortured by, or with the acquiescence of, government officials acting in an official capacity." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021). The agency considers "all evidence relevant to the possibility of torture," including "[e]vidence of past

10

torture," the applicant's ability to "relocate to a part of the country of removal where . . . she is not likely to be tortured, and "gross, flagrant or mass violations of human rights within the country of removal." 8 C.F.R. § 1208.16(c)(3).

Carbajal-Carbajal does not point to evidence that compels the conclusion that she "more likely than not would be tortured by" her abuser if she returns to El Salvador. *Quintanilla-Mejia*, 3 F.4th at 592. And the agency did not err in concluding that general conditions of violence in El Salvador could not satisfy her burden to present "particularized evidence" that she would be subject to torture. *Mu Xiang Lin v. Department of Justice*, 432 F.3d 156, 158 (2d Cir. 2005). Thus, we deny Carbajal-Carbajal's petition with respect to her CAT claim.

\* \* \*

For the above reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11